■ ADVANCED DISTRIBUTION SYSTEMS, INC., Respondent, v FRONTIER WAREHOUSING, INC., Appellant. In the Matter of ADVANCED DISTRIBUTION SYSTEMS, INC., Respondent, v REGIONAL INTEGRATED LOGISTICS, INC., Doing Business as FRONTIER WAREHOUSING, Respondent. [811 NYS2d 840]—

Appeal from an order of the Supreme Court, Erie County (David J. Mahoney, J.), entered June 3, 2004. The order, among other things, determined that plaintiff is entitled to attach the proceeds due under the promissory note issued to defendant by respondent to the extent necessary to satisfy a judgment in favor of plaintiff and against defendant.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs.

Memorandum: Advanced Distribution Systems, Inc. (ADS) commenced an action against defendant, Frontier Warehousing, Inc. (Frontier), and thereafter obtained a default judgment against it. In an attempt to execute on that judgment, ADS commenced a supplementary proceeding seeking to attach the proceeds due under a promissory note issued to Frontier by respondent, Regional Integrated Logistics, Inc., doing business as Frontier Warehousing. Frontier appeals from an order that, inter alia, determined that ADS is entitled to attach the proceeds due under the note to the extent necessary to satisfy the judgment. We conclude that the appeal must be dismissed. Frontier assigned its rights under the note before the order that is the subject of this appeal was issued. Because Frontier "had no interest in the [proceeds of the note] at the time the order [on appeal] was issued or during the statutory period for filing a notice of appeal, it was not an 'aggrieved party' within the purview of CPLR 5511 and [thus] lack[s] standing to appeal" (*Jacob & Valeria Langeloth Found. v Dickerson Pond Assoc.*, 149 AD2d 408, 409 [1989]; *see Matter of Paolercio v D J A Assoc.*, 273 AD2d 392 [2000]). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.