Matter of Alford (2018 NY Slip Op 00752)





Matter of Alford


2018 NY Slip Op 00752


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, AND WINSLOW, JJ.


1448 CA 17-00908

[*1]IN THE MATTER OF THE ESTATE OF JOAN W. ALFORD, DECEASED. ELIZABETH S. GURNEY AND GREGORY D. STEVENS, AS COEXECUTORS OF THE ESTATE OF JOAN W. ALFORD, DECEASED, PETITIONERS-RESPONDENTS; SHARON L. WICK, AS GUARDIAN AD LITEM FOR KAWIKA WALKER, APPELLANT, AND DAVID H. ALFORD, OBJECTANT-APPELLANT.






PHILLIPS LYTLE LLP, BUFFALO (ALAN J. BOZER OF COUNSEL), FOR APPELLANT.
BREVORKA LAW FIRM, P.C., AMHERST (PETER J. BREVORKA OF COUNSEL), FOR OBJECTANT-APPELLANT.
BARCLAY DAMON LLP, BUFFALO (DENNIS R. MCCOY OF COUNSEL), FOR PETITIONERS-RESPONDENTS.


 Appeals from an order of the Surrogate's Court, Erie County (Barbara Howe, S.), entered July 20, 2016. The order, entered after a hearing, determined that the release signed by objectant in June 2009 was valid and constitutes a defense to his objections to the accounting filed by the executor. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the determination that the release is valid is vacated and the matter is remitted to Surrogate's Court, Erie County, for further proceedings in accordance with the following memorandum: In this proceeding for the judicial settlement of the final accounting of decedent's estate, objectant and the guardian ad litem (hereafter, guardian) appeal from an order following a hearing determining that objectant's release of the final accounting provided to the previous executor (hereafter, executor) of the estate is valid and constitutes a valid defense by the estate against objections to the accounting filed by the executor. Objectant, who is decedent's son and a beneficiary of her will, signed a release form in June 2009 that purported, inter alia, to release and discharge the executor from liability for all matters relating to or derived from the administration of the estate, and to authorize Surrogate's Court to enter a decree settling the account and fully releasing and discharging each fiduciary. Objectant, however, refused to sign a second release in October 2009 after the executor sent him a revised accounting. The executor filed his final accounting of the estate and petitioned for judicial settlement thereof. The executor passed away shortly thereafter, and the Surrogate appointed petitioners as coexecutors of the estate in his place. Objectant filed formal objections to the accounting, and petitioners moved for summary judgment dismissing the objections and approving the final accounting, alleging that the release that was signed by objectant in June 2009 barred any objections. Objectant opposed the motion on the ground that the release was invalid. The Surrogate denied the motion and conducted an evidentiary hearing on the validity of the release. The guardian was appointed to represent the interests of objectant's infant grandson, a potential beneficiary.
Initially, we reject the contention of petitioners that the guardian's appeal should be dismissed for lack of standing because her charge is not aggrieved by the order. Decedent's will, inter alia, directed the establishment of a trust to benefit her children and their descendants, and contemplated payments to them for maintenance, support, health and education. Objectant, as a co-trustee of the trust, maintained in the proceedings in Surrogate's Court that the failure to fund [*2]the trust was inappropriate. As a result of the Surrogate's determination that objectant's release of the executor is valid and constitutes a valid defense against the objections of objectant, the descendant beneficiaries stand to lose their trustee's voice in the proceedings in Surrogate's Court. We therefore conclude that the guardian's charge is an aggrieved party with a direct interest in the controversy that has been negatively affected by the Surrogate's order (see CPLR 5511; see generally Advanced Distrib. Sys., Inc. v Frontier Warehousing, Inc., 27 AD3d 1151, 1152 [4th Dept 2006]).
We agree with objectant and the guardian that the Surrogate improperly shifted the burden from petitioners to objectant to prove that the release was fraudulently obtained and erred in determining that the release is valid. With releases, "as in other instances of dealing between a fiduciary and the person for whom he [or she] is acting, there must be proof of full disclosure by the [executor] of the facts of the situation and the legal rights of the beneficiary" (Matter of Birnbaum v Birnbaum, 117 AD2d 409, 416 [4th Dept 1986]). A release should be subject to careful scrutiny, and the executor must affirmatively demonstrate full disclosure of "material facts which he [or she] knew or should have known" (id.). "The mere absence of misrepresentation, fraud, or undue influence in the obtaining of a release is not sufficient to insulate the release from a subsequent attack by the beneficiaries; the fiduciary must affirmatively demonstrate that the beneficiaries were made aware of the nature and legal effect of the transaction in all its particulars" (id.). Here, petitioners' burden of proving that full disclosure was provided was improperly shifted to objectant, i.e., the beneficiary who challenged the validity of the release.
Decedent's will contemplated equal bequests to objectant and his sister (decedent's children). There was a substantial discrepancy in the value of the properties decedent left to each child, however, and most of objectant's inheritance was to come from the liquidation of the estate's securities. The will also directed that the trust be funded in the maximum sum allowable to benefit decedent's children and their descendants. Objectant and the executor were named as co-trustees of the trust. Accurate information concerning the current value of the estate's securities and the propriety of defunding the trust in contravention of the will was therefore highly material to objectant. Such information bore directly on the amount of objectant's bequest and the possibility of future claims against him by trust beneficiaries. In connection with the executor's request for the release, however, the executor never disclosed the actual value of the estate's securities. Although objectant knew that the stock market was in decline, the executor never explained how the estate's securities were affected and never provided objectant with even an estimate of the securities' current worth, despite having received monthly statements with that information. By the time the securities were distributed to objectant in August 2009, they were worth hundreds of thousands of dollars less than objectant anticipated based on the outdated information that he had previously received from the executor and upon which he relied in executing the release. Inasmuch as the bequest to objectant derived almost entirely from the liquidation of the estate securities, he was entitled to know what they were worth before he released the executor from liability with respect to the final accounting (see Matter of Saxton, 274 AD2d 110, 119 [3d Dept 2000]).
The executor similarly failed to disclose the ramifications of leaving the trust unfunded. Although the record demonstrates that he suspected that it was improper to eliminate funding to the trust, the executor's only explanation to objectant of the consequences of doing so was that it would increase the individual distributions to decedent's children. Inasmuch as the executor's suggestion to leave the trust unfunded could lead to claims for breach of trust or breach of fiduciary duty against objectant and the executor (see Matter of Lorie DeHimer Irrevocable Trust, 122 AD3d 1352, 1353 [4th Dept 2014]), the executor should have provided objectant with such information before he asked to be absolved of all liability (see Matter of James' Estate, 86 NYS2d 78, 88 [Sur Ct, NY County 1948]; see also Birnbaum, 117 AD2d at 416-417).
We therefore reverse the order, vacate the determination that the release is valid and remit the matter to Surrogate's Court for further proceedings on the objections. In view of our determination, we do not review the remaining contentions of objectant and the guardian.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court